# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street - 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102

September 11, 2019

**MOTION FOR LEAVE TO AMEND
COMPLAINT AND EXPEDITE**

**VIA ECF**

Hon. Sanket J. Bulsara, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   *Re:* *Teodoro Jose Guzman v. J.J. Tapper & Co., Inc., et al.*
      *Case No. 19-CV-670 (DLI) (SJB)*

Dear Judge Bulsara,

  We are counsel for the plaintiff in the above action. Please accept this correspondence as plaintiff's motion for leave to file an amended complaint for purposes of removing the collective action allegations; removing defendant The Epicurean Garden LLC; and joining new party Marius D. Tapper.

  Plaintiff is a former employee of The Garden, an organic grocery store in Brooklyn. Plaintiff alleges minimum wage and overtime violations pursuant to the Fair Labor Standards Act and New York Labor Law.

  The parties met with an outside mediator in July but did not resolve any issues in the case. The court has scheduled a settlement conference after the close of discovery on November 20, 2019 at 2:00 p.m. Discovery is set to close on November 13, 2019 [Docket 16].

  Based upon representations made at mediation plaintiff wishes to dismiss without prejudice all claims against The Epicurean Garden LLC. Plaintiff also wishes to add as a party defendant Marius D. Tapper, a member of the family operating The Garden, who was/is actively involved in the management and operations of the store. Finally plaintiff has cancer and wishes to resolve the case as quickly and efficiently as possible. The proposed amended complaint removed the collective action allegations.

  A motion to amend is generally governed by *Rule 15(a) of the Federal Rules of*

Hon. Sanket J. Bulsara, U.S.M.J.
September 11, 2019
Page 2

*Civil Procedure*, which provides that "[t]he court should freely give leave when justice so requires." *Fed. R. Civ. P. 15(a)(2)*. Although the decision lies within the sound discretion of the court, the Second Circuit has consistently held that leave to amend should be granted freely in the absence of a showing by the nonmovant of prejudice or bad faith. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *State Teachers Retirement Board v. Flour Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

In discussing the use of this discretion, the Supreme Court has stated that "in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should . . . be freely given." *Foman v. Davis*, 371 U.S. 178, 182, S.Ct. 227, 9 L.Ed.2d 222 (1962). Such an approach ensures that a claim will be decided on the merits rather than on technicalities. *See Sutton v. New Century Financial Service*, No. 05-3125, 2006 U.S. Dist. LEXIS 93685, at *3-4 (D.N.J. Dec. 11, 2006).

Where, as here, a proposed amendment adds a new party, the propriety of the amendment is technically governed by *Rule 21 of the Federal Rules of Civil Procedure*, which states that a party may be added to an action "at any time, on just terms." *Fed. R. Civ. P. 21*. However, in deciding whether to permit joinder, courts apply the same standard of liberality afforded to motions to amend pleadings under *Rule 15*. *See Garcia v. Pancho Villa's of Huntington Village, Inc.*, 268 F.R.D. 160, 165 (E.D.N.Y. 2010).

The party opposing the amendment bears the burden of demonstrating that leave to amend would be prejudicial or futile. *Garcia, supra*, at 164. The issue of futility, however, is not whether the plaintiff will ultimately prevail but whether he is entitled to offer evidence to support the claims asserted. *Id.*; *see also Luparello v. Incorporated Village of Garden City*, 209 F.Supp.2d 341, 343 (E.D.N.Y. 2003); *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995). In making this determination, the court should not consider the merits of a claim or defense unless the amendment is "clearly frivolous or legally insufficient on its face." *Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d 134, 138 (E.D.N.Y. 1998). If the movant has at least colorable grounds for relief, justice requires that the court grant leave to amend a complaint. *Id.*

Plaintiff has not delayed. Plaintiff provided a draft of the proposed amended complaint to defense counsel on August 26, 2019, and requested consent to the amendment. We followed up by telephone call last week, at which time counsel could not consent or accept service for the new defendant.

A copy of the proposed amended complaint is annexed as Exhibit "A".

If plaintiffs' motion is granted, the amended complaint can be filed with the Court promptly and served on the new defendant in short order, unless counsel accepts service for Mr. Tapper.

Hon. Sanket J. Bulsara, U.S.M.J.
September 11, 2019
Page 3

   With regard to the present discovery schedule, we seek no extensions. As indicated herein, plaintiff has been diagnosed with cancer and we request the parties adhere to the current schedule and complete discovery as previously ordered, by November 13th. We believe the timing of the settlement conference with the court, after the close of discovery, is appropriate and we do not want defendants to be under the impression that discovery is stayed pending or will be re-opened following the November meeting with the court.

   For all the foregoing reasons, it is respectfully requested that plaintiff's motion to amend be granted in its entirety.

Respectfully submitted,

Peter H. Cooper

PHC/mjz

cc: All counsel of record