# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street - 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102

January 16, 2020

**MOTION FOR LEAVE TO AMEND COMPLAINT**

**VIA ECF**

Hon. Sanket J. Bulsara, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Teodoro Jose Guzman v. J.J. Tapper & Co., Inc., et al.*
     *Case No. 19-CV-670 (DLI) (SJB)*

Dear Judge Bulsara,

  We are counsel for the plaintiff in the above action. Please accept this correspondence as plaintiff's motion for leave to file a second amended complaint for purposes of adding an additional plaintiff, Isaac Martinez Guzman, and an additional defendant, Hasmukh's Natural Market, Inc. on a theory of successor liability in this matter.

  In support of this motion we provide an affidavit of Isaac Martinez Guzman, who is a nephew of the plaintiff Teodoro Jose Guzman. We also provide a consent to sue on behalf of Mr. Isaac Guzman. The allegations Isaac Martinez Guzman makes are identical to those of his uncle, plaintiff Teodoro Jose Guzman. The court may recall that Teodoro Jose Guzman has been hospitalized for advanced stage cancer treatment.

  As detailed in the accompanying affidavit Isaac Martinez Guzman, in November 2019, The Garden closed very unexpectedly and temporarily. It reopened with under a new name and the corporate entity currently operating it has been identified to be "Hasmukh's Natural Market, Inc." We believe there is a basis to hold Hasmukh's Natural Market liable to the plaintiffs in this matter under a theory of successor liability.

  In this District, the substantial continuity test is used to evaluate whether a successor entity can be held liable. The test was first utilized by the Supreme Court in *Golden State Bottling Co., Inc. v. N.L.R.B.*, 414 U.S. 168, 94 S. Ct. 414, 38 L. Ed.2d 388 (1973), and it is an equitable approach aimed at protecting employees victimized by

Hon. Sanket J. Bulsara, U.S.M.J.
January 16, 2020
Page 2

unfair labor practices (holding that successor was required to comply with NLRB order for reinstatement and back pay issued against prior owner because protecting employee rights deemed to outweigh cost to successor as well as the successor's ability to protect itself against such liability with an indemnity agreement).

The majority view by Courts in this Circuit is that the substantial continuity test should apply in FLSA actions. *See Bautista v. Beyond Thai Kitchen, Inc.*, 2015 U.S. Dist. LEXIS 124454 (S.D.N.Y. 2015*); Battino v. Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 402 (S.D.N.Y. 2012); *Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402, 2010 U.S. Dist. LEXIS 62653, at *2-3 (S.D.N.Y. June 23, 2010); *Song v. 47 Old Country, Inc.*, 2013 U.S. Dist. LEXIS 143399 (E.D.N.Y. 2013) (in light of the [Second Circuit's] widespread acceptance of the substantial continuity test in the labor law context, the better view is to apply that test in context of FLSA claims of successor liability).

Plaintiff amended the complaint once previously, to remove collective allegations and to add a party-defendant. Circumstances now require us to move again, because, without notice to our office or to the employees of The Garden, the business changed corporate ownership.

It is respectfully requested that plaintiff's motion to amend be granted in this matter. We thank the court for its consideration of this matter.

Respectfully submitted,

Peter H. Cooper

PHC/mjz

cc:   All counsel of record