UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TEODORO JOSE GUZMAN, and
ISAAC MARTINEZ GUZMAN,

Plaintiffs,

-against-

J.J. TAPPER & CO., INC., *dba* THE GARDEN;
UNITED T LLC *dba* THE GARDEN;
HASMUKH'S NATURAL MARKET, INC.,
and JOHN A. TAPPER, ELIZABETH TAPPER,
and MARIUS D. TAPPER, individually,

Defendants.

Case No.: 19 cv 670
(DLI)(SJB)

**SECOND AMENDED COMPLAINT**

Plaintiffs, Teodoro Jose Guzman and Isaac Martinez Guzman ("Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Second Amended Complaint against Defendants, J.J. Tapper & Co., Inc., *dba* The Garden; United T LLC *dba* The Garden; and Hasmukh's Natural Market, Inc., located at 917-921 Manhattan Avenue, Brooklyn, NY 11222 (hereinafter, "The Garden"); and John A. Tapper, Elizabeth Tapper and Marius D. Tapper, individually, (all defendants, collectively, "Defendants"), and state as follows:

**INTRODUCTION**

1. Plaintiffs, Teodoro Jose Guzman and Isaac Martinez Guzman, allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

1

2.     Plaintiffs, Teodoro Jose Guzman and Isaac Martinez Guzman, further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiffs are adult residents of Queens County, New York.

6.     Defendant, J.J. Tapper & Co., Inc., *dba* "The Garden", is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at 917-921 Manhattan Avenue, Brooklyn, New York 11222.

7.     Defendant, United T, LLC *dba* "The Garden", is a domestic limited liability company, organized and existing under the laws of the State of New York, with a principal place of business at 917-921 Manhattan Avenue, Brooklyn, New York 11222.

8. Defendant, Hasmukh's Natural Market, Inc., is a domestic business corporation, organized and existing under the laws of the State of New York, with a principal place of business at 917-921 Manhattan Avenue, Brooklyn, New York 11222.

9. Upon information and belief, Defendant, John A. Tapper, is an owner, general manager, officer, director and/or managing agent of The Garden, whose address is unknown at this time and who participated in the day-to-day operations of The Garden, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with The Garden.

10. Upon information and belief, Defendant, Elizabeth Tapper, is an owner, general manager, officer, director and/or managing agent of The Garden, whose address is unknown at this time and who participated in the day-to-day operations of The Garden, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with The Garden.

11. Upon information and belief, Defendant, Marius D. Tapper, is an owner, general manager, officer, director and/or managing agent of The Garden, whose address is unknown at this time and who participated in the day-to-day operations of The Garden, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as

New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with The Garden.

12. The individual defendants, John A. Tapper, Elizabeth Tapper, and Marius D. Tapper, each exercised control over the terms and conditions of their employees' employment, including Plaintiffs, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

13. Plaintiff, Teodoro Jose Guzman, was employed by Defendants in Kings County, New York, to work in the produce department, at Defendants' organic grocery store known as "The Garden", located in the Greenpoint neighborhood of Brooklyn, beginning in 2000, through July 22, 2018.

14. Plaintiff, Isaac Martinez Guzman, was employed by Defendants in Kings County, New York, to work in the produce department, at Defendants' organic grocery store known as "The Garden", located in the Greenpoint neighborhood of Brooklyn, beginning in 2001, through late November 2019.

15. During each of the three (3) most recent years relevant to the allegations herein, The Garden, located at 917-921 Manhattan Avenue in Brooklyn, through corporate entities, operated a large organic and natural foods grocery store.

16. Defendant, The Garden, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or

4

produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

17. At all relevant times, The Garden was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all relevant times, the work performed by Plaintiffs, Teodoro Jose Guzman and Isaac Martinez Guzman, was directly essential to the grocery store business operated by defendants.

19. Defendant, Hasmukh's Natural Market, Inc., is the successor to J.J. Tapper & Co., Inc., *dba* The Garden; and United T LLC, dba The Garden.

20. As successor to the business entities doing business as The Garden, defendant Hasmukh's Natural Market, Inc. acquired substantial assets from the predecessor entities, and has continued, without interruption or substantial change, the business operations of the predecessor corporations.

21. To the extent defendant Hasmukh's Natural Market, Inc. is the successor to the business entities operating The Garden, it is liable for the debts and liabilities of the predecessor owner and operator.

22. To the entities operating The Garden are separate corporations or business entities, each engage in related activities, namely, operating a grocery store in the Greenpoint neighborhood of Brooklyn. The corporations shared Plaintiffs and other employees, acted in the interest of each other with respect to employees, paid their employees by the same method, shared control over the employees, and are themselves under common control and management.

23. Plaintiffs were paid "off the books", and they worked for the grocery store owned and/or operated by John A. Tapper, Elizabeth Tapper, and Marius D. Tapper, for almost eighteen (18) years.

24. Defendants, John A., Marius D., and Elizabeth Tapper, create and implement crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

25. The defendant corporations are owned, operated, and controlled by the same owners, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise and/or joint employer.

26. The defendant corporations are owned, operated, and controlled by the same owners, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise and/or joint employer.

27. The performance of Plaintiffs' job responsibilities, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

28. The corporate defendants share a common commercial business purpose, namely, operating a natural and organic grocery store in Brooklyn.

29. Upon information and belief, an arrangement existed between the corporate defendants whereby they agreed to share the services of Plaintiffs.

30. Upon information and belief, the corporate defendants, doing business as, The Garden, respectively, shared control of Plaintiffs and other employees.

31. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages, in contravention of the FLSA and New York Labor Law.

32. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

33. At relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

34. At relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

35. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATEMENT OF FACTS

#### a. Plaintiff Teodoro Jose Guzman

36. In November 2000, Plaintiff, Teodoro Jose Guzman, was hired by Defendants to work as a stock person, cleaner, and general helper, in the produce

department, at Defendants' grocery store doing business as "The Garden" located at 917-921 Manhattan Avenue, Brooklyn, New York 11222.

37. Plaintiff Teodoro Jose Guzman was continuously employed by Defendants, between November 2000, through July 22, 2018.

38. Plaintiff Teodoro Jose Guzman worked 7:30 a.m. until 8:30 p.m. on Mondays through Fridays, with the exception of Wednesdays, which was his day off; he worked 7:00 a.m. until 8:30 p.m. on Saturdays; and he worked 8:30 a.m. until 7:30 p.m. on Sundays, for a total of approximately seventy-six and a half (76 ½) working hours per week.

39. During the last four (4) years of his employment, Plaintiff Teodoro Jose Guzman was paid an hourly wage of $10.75 per hour; prior to that, Plaintiff was paid an hourly wage of $10.25 per hour. He was paid twice per month, by check.

40. Plaintiff Teodoro Jose Guzman was paid the same regular rate for all hours worked, without an overtime premium for hours worked in excess of forty (40) per week.

41. Plaintiff Teodoro Jose Guzman did not receive tips in connection with his employment.

42. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff.

43. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York

Labor Law and the supporting federal and New York State Department of Labor Regulations.

44. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff Teodoro Jose Guzman.

45. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

46. Plaintiff Teodoro Jose Guzman did punch a time clock, and was paid hourly. However he was not provided with a written accounting of his pay, and records in Defendants' possession may be false.

### b. Plaintiff Isaac Martinez Guzman

47. In 2001, Plaintiff, Isaac Martinez Guzman, was hired by Defendants to work as a stock person, cleaner, and general helper, in the produce department, at Defendants' grocery store doing business as "The Garden" located at 917-921 Manhattan Avenue, Brooklyn, New York 11222.

48. Plaintiff Isaac Martinez Guzman was continuously employed by Defendants, between 2001, through late November 2019.

49. Plaintiff Isaac Martinez Guzman worked 8:00 a.m. until 8:30 p.m., six (6) days per week. He worked a total of approximately seventy (70) hours per week.

50. During the last six (6) years of his employment, Plaintiff was paid an hourly wage ranging between $12.50 to $18.00 per hour.

51. Plaintiff Isaac Martinez Guzman was paid overtime in cash; he was paid the same regular rate for all hours worked, without an overtime premium for hours worked in excess of forty (40) per week.

52. Plaintiff Isaac Martinez Guzman did not receive tips in connection with his employment.

53. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

54. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff Isaac Martinez Guzman.

55. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

56. Plaintiff did punch a time clock, and was paid hourly. However he was not provided with am accurate written accounting of his pay, and records in Defendants' possession may be false.

57. Defendant, John A. Tapper, is an individual who, upon information and belief, owns the stock of The Garden, owns The Garden, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

58. Defendant, Elizabeth Tapper, is an individual who, upon information and belief, owns the stock of The Garden, owns The Garden, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

59. Defendant, Marius D. Tapper, is an individual who, upon information and belief, owns the stock of The Garden, owns The Garden, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

**STATEMENT OF CLAIM**
**COUNT I**
**[Violation of the Fair Labor Standards Act]**

60. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "59" of this Second Amended Complaint as if fully set forth herein.

61. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

62. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

63. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

64. Plaintiff Teodoro Jose Guzman, worked hours for which he was paid less than the statutory minimum hourly wage.

65. At relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff Teodoro Jose Guzman, for his hours worked.

66. Both Plaintiff were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

67. Defendants failed to pay both Plaintiffs, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

68. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

69. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure them.

70. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and

practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

71. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

72. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

73. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

74. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

75. Plaintiffs are entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

76. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "75" of this Second Amended Complaint as if fully set forth herein.

77. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

78. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiff wages for all hours worked, and minimum wages to Teodoro Jose Guzman, in the lawful amount for hours worked.

79. Defendants knowingly and willfully violated both Plaintiffs' rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay, or their regular rate of pay if higher than the statutory minimum, for each hour worked in excess of forty (40) hours in a workweek.

80. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

81. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

82. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "81" of this Second Amended Complaint as if fully set forth herein.

83. Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for her full hours worked; and, any overtime due.

84. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

85. Plaintiffs were not provided with a proper, written wage notice, as required by law.

86. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

87. Plaintiffs were not provided with a wage statement as required by law.

88. Defendant's failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

89. Defendant's failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

90. Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, is liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs Teodoro Jose Guzman and Isaac Martinez Guzman, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
January __, 2020

                                                Respectfully submitted,

                                     By: _____
                                             Peter H. Cooper  (PHC 4714)

                                                CILENTI & COOPER, PLLC
                                                **Attorneys for Plaintiffs**
                                                10 Grand Central
                                                155 East 44th Street – 6th Floor
                                                New York, NY 10017
                                                Telephone  (212) 209-3933
                                                Facsimile (212) 209-7102

To:    Arthur H. Forman, Esq.
        **Attorneys for Defendants**
        **J.J. Tapper & Co.; John A. Tapper**
        **Marius D. Tapper**
        98-20 Metropolitan Avenue
        Forest Hills, New York 11375
        Telephone (718) 268-2616

        Stephen D. Hans, Esq.
        Stephen D. Hans & Associates, P.C.
        **Attorneys for Defendants**
        **United T LLC; Elizabeth Tapper**
        30-30 Northern Boulevard, Suite 401
        Long Island City, NY 11101
        Telephone (718) 275-6700